IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Delbert Caudell,                )
                                )
        Plaintiff,               )    Case No. 1:03-CV-692
                                )
    v.                           )
                                )
City of Loveland, *et al.*,      )
                                )
        Defendants.              )

Order Granting Summary Judgment

Plaintiff initiated this action against the City of Loveland and Loveland Police Officer Jose Alejandro on October 8, 2003.  His claims arise from an arrest on October 16, 2001, and are asserted pursuant to 42 U.S.C. § 1983.

On December 21, 2004, Plaintiff filed a first amended complaint, asserting for the first time claims against the Drug Abuse Reduction Task Force ("DART").  Plaintiff alleges that one or more DART officers participated in the October 2001 arrest.

On May 23, 2005, DART filed a motion for summary judgment on various grounds, including the argument that Plaintiff's claims against DART are barred by the applicable two-year statutes of limitations.  In response, Plaintiff filed a Rule 56(f) affidavit in which his counsel stated that additional discovery was required before Plaintiff could respond to various arguments made by Defendant DART with respect to issues of fact.  In recognition of the fact that none of the identified factual issues bore upon the statute of limitations issue, the Court

ordered Plaintiff to respond to DART's motion in that regard only.  That portion of DART's motion is now before the Court.

The parties agree that the statute of limitations applicable to claims asserted pursuant to 42 U.S.C. § 1983 in Ohio is two years.  See Browning v. Pendleton, 869 F.2d 989, 990 (6th Cir. 1989).  In §1983 actions, federal law determines when a cause of action accrues.  See Collard v. Kentucky Board of Nursing, 896 F.2d 179, 183 (6th Cir. 1990).  The United States Court of Appeals for the Sixth Circuit has held that a cause of action accrues when

> the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of the injury when he should have discovered it through reasonable diligence.

Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiff's allegations make clear that he knew of the alleged injury upon which his claims are based on October 16, 2001, when it occurred.  Accordingly, the statute of limitations began to run on that date.

Plaintiff did not file claims against DART until some three years later, well after the expiration of the statute of limitations.  He contends that the statute is subject to equitable tolling, however, because he did not know of DART's participation in the October 2001 arrest until some time later.

The doctrine of equitable tolling permits a plaintiff to sue after the expiration of a statute of limitations if

2

"through no fault or lack of diligence on his part, he was unable to sue before, even though the defendant took no active steps to prevent him from suing." Friedman v. Campbell, No. 98-6728, 1999 WL 1045281, **2 (6th Cir. Nov. 8, 1999)(citing Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 561 (7th Cir. 1996)). In Donald, the Seventh Circuit Court of Appeals identified as a basis for the application of the doctrine, a plaintiff's failure to learn a wrongdoer's identity "despite all reasonable diligence." 95 F.3d at 562.

In opposing DART's motion for summary judgment, Plaintiff relies upon a theory of "fraudulent concealment." He contends that, whether maliciously or otherwise, he was prevented from learning of DART's participation through concealment on the part of DART and/or the City of Loveland. He relies upon two Sixth Circuit decisions: Hill v. Department of Labor, 65 F.3d 1331 (6th Cir. 1995), and Robinson v. Central Brass Manufacturing Co., 987 F.2d 1235 (6th Cir.), cert. denied, 510 U.S. 827 (1993).

In both Robinson and Hill, the Court of Appeals recognized the fraudulent concealment theory and stated that the burden of establishing that equitable tolling on the basis of fraudulent concealment applies is upon the plaintiff. See Hill, 65 F.3d at 1335; Robinson, 987 F.2d at 1244. The court identified the plaintiff's due diligence as a necessary element of the fraudulent concealment theory. So, in order to establish that equitable tolling on the basis of fraudulent concealment

3

applies, a plaintiff must demonstrate, *inter alia*, that he exercised due diligence to discover the pertinent facts.

By way of evidence in opposition to DART's motion for summary judgment, Plaintiff has submitted only his own affidavit. In that affidavit, Plaintiff does not identify a single step taken by him or his counsel between October 16, 2001, and October 16, 2003, to learn the identities of the officers who participated in his arrest.  He has not, therefore, identified a genuine issue of material fact with respect to his due diligence. Having failed to do so, he has not identified a basis for the application of the equitable tolling doctrine to defeat DART's motion for summary judgment on the basis of the applicable statute of limitations.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom. United States v. Diebold, Inc., 369 U.S. 654 (1962).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

4

there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id.

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472 (1962). "[T]he issue of material fact required by Rule 56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly

5

regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. Id.; Anderson, 477 U.S. at 250. Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim. Id. Rule 56(a) and (b) provide that parties may move for summary judgment

"with or without supporting affidavits."  Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

Defendant DART has argued for summary judgment on the basis of the applicable statute of limitations.  Plaintiff has failed to identify evidence in support of his contention that the statute of limitations ought to be equitably tolled.  Having failed to carry his burden of demonstrating the existence of a genuine issue of material fact in that regard, Plaintiff may not proceed on his claims against DART, and DART's motion for summary judgment (Doc. 32) is hereby **GRANTED**.

**IT IS SO ORDERED.**

                                                        _____/s/_____
                                                  Sandra S. Beckwith, Chief Judge
                                                  United States District Court