IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Delbert Caudell, )
)
          Plaintiff, )   Case No. 1:03-CV-692
)
v. )
)
City of Loveland, *et al.*, )
)
          Defendants. )

Memorandum and Order

      Plaintiff initiated this action against the City of Loveland and Loveland Police Officer Jose Alejandro on October 8, 2003. His claims arise from an arrest on October 16, 2001, and are asserted pursuant to 42 U.S.C. § 1983. Plaintiff later amended his complaint to assert claims against the Drug Abuse Reduction Task Force ("DART"). The Court has since granted summary judgment to DART with respect to those claims. This matter is now before the Court upon the motion of Defendants Alejandro and Loveland with respect to all of Plaintiff's claims against them (Doc. 46), as well as their motion to strike the affidavit of Shane Smith submitted by Plaintiff in opposition to the motion for summary judgment (Doc. 50).

A. <u>Background</u>

Plaintiff asserted a number of claims against Defendants Alejandro and Loveland in this matter. Those claims related to two separate incidents at his Loveland residence in 2001. Defendants moved for summary judgment with respect to all of the claims and supported their motion with evidence and citations to appropriate authority. Plaintiff has opposed Defendants' motion only as it pertains to his claim that Defendant Alejandro used excessive force, in violation of the United States Constitution, in the course of Plaintiff's arrest on October 16, 2001. Defendants are, therefore, entitled to summary judgment with respect to all other claims against them.

Plaintiff has admitted in sworn testimony that he does not know who used force against him on October 16, 2001. He has testified that numerous law enforcement officials were present in his home at the time of his arrest and that he cannot identify any of them. The evidence demonstrates unequivocally that some of those officials were employees of jurisdictions other than Loveland.

At Plaintiff's deposition, he testified that his grandson and a man named Shane Smith were present in his home on October 16, 2001. He did not testify that either saw the incident giving rise to his remaining claim. In answers to Defendants' interrogatories, Plaintiff named his grandson and Shane Smith as persons with knowledge pertaining to his claim. He did not respond to the interrogatory asking for a brief description of their testimony. In late September 2005, one month before the close of

discovery in this matter, Plaintiff filed his list of witnesses who may testify on his behalf in the trial of this matter. He did not name Shane Smith. He represented that he would supplement the list in the event that he became aware of other potential witnesses. He has not done so.

In support of their motion for summary judgment, Defendants argue that Plaintiff cannot prove his excessive force claim because he cannot adduce evidence suggesting that Defendant Alejandro, or any other Loveland law enforcement official, was in his residence at the time of the alleged use of force. They identify substantial evidence suggesting that Defendant Alejandro was never in the house while Plaintiff was there and that he was never closer than 35 feet away from Plaintiff.

In opposition to Defendants' motion, Plaintiff has submitted the affidavit of Shane Smith. Mr. Smith states that he witnessed Defendant Alejandro kicking Plaintiff and slamming his head to the floor inside Plaintiff's residence while under the supervision of Lieutenant Mays of the Loveland Police Department. Plaintiff offers no other evidence that Defendant Alejandro and Lieutenant Mays were present at the time of the alleged use of force. He tacitly concedes that he cannot support his claim without the testimony of Shane Smith.

Defendants move to strike Shane Smith's affidavit on the ground that he cannot testify at trial. Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, Defendants argue that the only appropriate remedy for Plaintiff's failure to identify Shane Smith as a witness or to disclose the subject of his knowledge about the matter is to

exclude him as a witness at trial. They further argue that, because Mr. Smith cannot testify at trial, the Court must not, in accordance with Rule 56(e), consider his affidavit in opposition to their motion for summary judgment.

In opposition to Defendants' motion to strike Shane Smith's affidavit, Plaintiff argues only that the failure to disclose Mr. Smith as a witness as required under Rule 26 was a "technical transgression." He suggests that Defendants are not substantially prejudiced as a result of that transgression.

B. Rule 37(c)(1) and Its Application to Shane Smith's Affidavit

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Plaintiff has not attempted to provide substantial justification for his failure to disclose the subject of Shane Smith's knowledge as required by Rule 26(a)(1)(A) or to supplement his disclosures at any time prior to the filing of his memorandum in opposition to Defendants' motion for summary judgment some two months before the scheduled final pretrial conference in this matter. The failure cannot be described as

4

harmless, having deprived Defendants of the opportunity to learn, prior to the close of discovery and the dispositive motions deadline, that Plaintiff purported to have any evidence linking Defendant Alejandro to the alleged excessive use of force. The evidence Plaintiff failed to disclose was not cumulative. Rather, it represents his only evidence in support of his remaining claim against Defendants Alejandro and Loveland. Plaintiff does not represent that he recently learned of Mr. Smith's knowledge. Indeed, his representations relating to that knowledge suggest that he must have known since October 2001 that Mr. Smith was present and saw the alleged use of force. For whatever reason, Plaintiff waited until four months after the close of discovery to disclose for the first time that Shane Smith had knowledge concerning the only remaining claim in this case. Defendants are significantly prejudiced.

Pursuant to Rule 37(c)(1), the Court must impose a sanction for Plaintiff's failure to comply with Rule 26 as regards Shane Smith's testimony. The sanction of exclusion of Mr. Smith as a witness is available to the Court, but the Rule permits the Court to consider another "appropriate" sanction. Plaintiff has not suggested another sanction that would be appropriate in this case. The burden is upon him to demonstrate that his conduct was justified or harmless, and he has failed to do so. See Roberts v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003).

The Court's responsibility, upon finding that the failure to comply with Rule 26 is neither justified nor harmless, is to impose a sanction that is proportionate to the infraction. See Dickenson v. Cardiac and Thoracic Surgery of Eastern Tennessee,

P.C., 388 F.3d 976, 983 (6th Cir. 2004)(citing Musser v. Gentiva Health Services, 356 F.3d 751, 756 (7th Cir. 2004)), cert. denied, __ U.S. __, 125 S.Ct. 1731 (2005).

The final pretrial conference in this matter is scheduled for April 14, with a trial to follow on May 1. Were the Court to permit the late disclosure of Shane Smith as a witness, it would, of necessity, vacate those dates and permit the reopening of discovery for the purpose of permitting Defendants to depose Mr. Smith and to conduct follow-up discovery. Further dispositive motions would be likely. The trial of this matter would be delayed by at least seven months. A delay of that length is prejudicial to a defendant in any event. In this case, which has been pending against Defendant Alejandro for two and one-half years and is based upon events that occurred four and one-half years ago, the Court is persuaded that the delay would result in significant harm to Defendant Alejandro. Such harm would be warranted only by a substantial justification for the failure by Plaintiff. He has offered no justification. The Court is persuaded that the sanction of the exclusion of Mr. Smith as a witness in this matter is proportionate to the infraction, even though the Court recognizes that the exclusion of Mr. Smith's testimony deprives Plaintiff of his only evidence in support of his remaining claim against Defendants Alejandro and Loveland. Accordingly, Defendants' motion to strike Shane Smith's affidavit (Doc. 50) is hereby **GRANTED**.

C. Summary Judgment Standard and Application

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom. United States v. Diebold, Inc., 369 U.S. 654 (1962). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id.

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472 (1962). "[T]he issue of material fact required by Rule 56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence

7

supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. Id.; Anderson, 477 U.S. at 250. Rule 56(e) requires the

non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim. Id. Rule 56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits." Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

In order to prove his excessive force claim against either Defendant Alejandro or Defendant Loveland, Plaintiff must adduce evidence identifying Defendant Alejandro as the law enforcement officer who used force against him. See Sharrar v. Felsing, 128 F.3d 810, 821 (3rd Cir. 1997); Thornton v. Spooner, No. 86-3944, 1989 WL 34026, **21 (6th Cir. March 21, 1989). Plaintiff cannot do so. Accordingly, in the face of substantial evidence demonstrating that neither Defendant Alejandro nor his supervisor were in Plaintiff's residence at the time of the alleged use of force, Plaintiff's claims against Defendants Alejandro and Loveland fail. Defendants' motion for summary judgment (Doc. 46) is hereby **GRANTED**.

D. Conclusion

Defendants' motions to strike (Doc. 50) and for summary judgment (Doc. 46) are, therefore, **GRANTED**.  Plaintiff's motion for extension of the final pretrial conference date to April 20 (Doc. 55) is **MOOT**.  This action is **CLOSED**.

**IT IS SO ORDERED**.

/s/
Sandra S. Beckwith, Chief Judge
United States District Court